**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARLON JOSE CANO-MENDOZA,<br><br>                    Petitioner,<br><br>         v.<br><br>WARDEN, Adelanto ICE Processing Center, *et al*.,<br><br>                    Respondents. | Case No. 5:26-cv-03570-RAO<br><br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION

Petitioner Marlon Jose Cano-Mendoza ("Petitioner"), represented by counsel, initiated this habeas action pursuant to 28 U.S.C. § 2241 ("Petition") against Warden, Adelanto ICE Processing Center; Field Office Director, ICE Enforcement and Removal Operations, Los Angeles; Director of ICE; and Secretary of the U.S. Department of Homeland Security ("DHS") (collectively, "Respondents") on June 28, 2026. Dkt. No. 1 ("Pet."). The Petition claims that Petitioner's current detention at Desert View Annex in Adelanto, California violates his due process rights and the Immigration and Nationality Act and seeks immediate release or, alternatively, a bond hearing. *See generally* Pet. Respondents oppose the Petition, asserting that to

the extent Petitioner would be entitled to any remedy, at most it would be a bond hearing before an immigration judge under Section 1226(a) within seven days. *See generally* Dkt. No. 9 ("Ans.").

For the reasons set forth below, the Court finds that Petitioner is entitled to a bond hearing, grants the Petition in part, and orders that Respondents be enjoined from continuing to detain Petitioner unless he is provided with a bond hearing.

## II.    PERTINENT BACKGROUND

The Court incorporates the factual background set forth in the Petition and the Notice of Errata and Corrected Statement of Facts filed on July 9, 2026. *See* Pet. at 2, 4, 5-6; Dkt. No. 10. As set forth in the Form I-213 attached to the Notice of Errata and Corrected Statement of Facts, Petitioner, a non-citizen, entered the United States in July 2022, and was arrested by U.S. Border Patrol. Dkt. No. 10, Ex. A. The Form I-213 notes that Petitioner's manner of entry was "WI-Without Inspection." *Id*. The Form I-213 also states that Petitioner was issued parole paperwork and released on the Alternatives to Detention ("ATD") program. *Id*. On August 10, 2022, ICE enrolled Petitioner in the Intensive Supervision Appearance Program ("ISAP"). *Id*. As listed on the Form I-213, Petitioner incurred 13 violations of the ISAP program and was taken into custody as a result of these violations. *Id*. The Petition states that Petitioner is currently detained in Desert View Annex in Adelanto, California. *See* Pet. at 2. The publicly available ICE records confirm Petitioner's detention within this District.

Petitioner claims that his continued detention violates the Fifth Amendment's Due Process Clause (count one), the Immigration and Nationality Act, Section 1226(a) (count two), and *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001) (count three).[1]  *See* Pet. at 6-11. The Petition seeks relief in the form of Petitioner's

---

[1] According to the Petition, Petitioner's order of removal is not administratively final because it is pending appeal. Pet. at 5-6. Thus, the Court finds his claim under *Zadvydas* is not cognizable. *See Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018)

immediate release or, alternatively, a bond hearing under Section 1226(a) before an immigration judge within seven days. *Id.* at 12.

Respondents filed their response on July 6, 2026 ("Answer"). Dkt. No. 8 ("Ans."). The Answer states that Petitioner appears to be an eligible member of the Bond Eligible Class certified in *Maldonado Bautista*, and accordingly, entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 1.[2] Respondents argue that to the extent Petitioner would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an immigration judge under 8 U.S.C. § 1226(a). *Id.* at 1-2. Respondents request that if a bond hearing is ordered, the timing of the hearing be consistent with what courts in this district have generally ordered, which is to require a Section 1226(a) bond hearing be held within seven days of the court's order. *Id.*

Petitioner filed his Reply to Respondents' Answer on July 7, 2026 ("Reply"). Dkt. No. 9. Petitioner states that Respondents' position to limit the remedy to a bond hearing within seven days rather than immediate release cannot be sustained because a bond hearing is not an adequate remedy for the constitutional injury Petitioner has already suffered when Respondents revoked his release without any process. *Id.* at 5. Petitioner asks the Court to order his immediate release with reinstatement of his recognizance release or, alternatively, order Respondents to provide him with an

(noting the Supreme Court's holding in *Zadvydas* is confined to Section 1231(a)(6), which authorizes detention of noncitizens who are subject to an administratively final order of removal).

[2] On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the *Bautista* court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as the they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), is stayed pending appeal. *See Maldonado Bautista, et al. v. United States Dep't of Homeland Sec., et al.*, No. 26-1044, Dkt. No. 17 (9th Cir. Mar. 31, 2026).

individualized bond hearing under Section 1226(a) within seven days. *Id*. at 6.

On July 9, 2026, along with the Notice of Errata and Corrected Statement of Facts, Petitioner filed a Notice of Supplemental Authority and Changed Circumstances ("Supplemental Authority").[3] Dkt. No. 11. Petitioner's Supplemental Authority notified the Court that on July 9, 2026, the Immigration Court declined to exercise jurisdiction over Petitioner's custody redetermination and denied bond on the authority of *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.* at 2. The Supplemental Authority also argues that the immigration judge's refusal to hold an individualized hearing demonstrates that Respondents' proposal of a post-deprivation hearing is no longer a viable remedy. *Id*. at 5-6.

## III. DISCUSSION

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The statute does not require a person to be physically imprisoned to be in custody; rather, habeas relief is available where the person is subject to "restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

### A. The Court has Jurisdiction

As the Court has an obligation "to determine that [it has] jurisdiction before proceeding to the merits" of any case, it will first address whether it has jurisdiction

---

[3] On July 9, 2026, Petitioner filed the Notice of Errata and Corrected Statement of Facts, correcting the record as to Petitioner's date of entry in the United States and the nature of his release from ICE custody. Dkt. No. 10 at 2-3. In this pleading, Petitioner states that his argument in his Reply as to count one is unchanged. *Id*. at 3-6. However, as to count two, Petitioner withdraws his argument that count two is established but preserves the claim. *Id*. at 6. With respect to count two, Petitioner states that he was apprehended upon arrival in the United States and thus is excluded from the bond eligible class certified in *Bautista*. *Id*. at 6-7. Further, Petitioner states that although the Form I-213 references parole paperwork, he has never been provided an order terminating parole, and he does not concede that Section 1225(b) governs his detention. *Id*. at 7.

4

over Petitioner's claims. *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

Petitioner argues that this Court has jurisdiction over the present action based on 28 U.S.C. § 2241 and 28 U.S.C. § 1331. Pet. at 3. Respondents do not contest this Court's jurisdiction over the Petition.

Here, Petitioner is in immigration custody and challenges the constitutionality of his physical confinement. *See generally* Pet. Accordingly, as other courts in this Circuit have found in similar cases, the Court has jurisdiction to hear Petitioner's claims that his detention is unlawful under 28 U.S.C. § 2241. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (finding that the court would have jurisdiction under § 2241 to consider errors of law in immigration detention, including due process violations); *Wang v. Warden*, No. CV 26-CV-1595-DFM, 2026 WL 1196001, at *2 (C.D. Cal. Apr. 24, 2026) (similar); *M.R. v. LaRose*, No. CV 25-3710 JLS (BLM), 2026 WL 40839, at *2 (S.D. Cal. Jan. 6, 2026) (similar); *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *1 n. 1 (E.D. Cal. July 14, 2025) (similar); *see also Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (concluding that § 1252(g) does not impose a jurisdictional bar to petitioner's claims regarding constitutional violations).

In sum, the Court has jurisdiction.

## B.    Petitioner is Entitled to a Bond Hearing

Petitioner argues his re-detention without a pre-detention hearing violates his due process rights and that he is entitled to a bond hearing under the INA. *See* Pet. at 10-11. As already noted, the Petition requests that the Court order his immediate release, or alternatively, that he be provided with a bond hearing.[4] Respondents argue that Petitioner appears to be a member of the Bond Eligible Class certified in

---

[4] While Petitioner's Supplemental Authority seek immediate release, the Court notes that the Petition seeks a bond hearing as an alternative form of relief and the Petition has not been amended to alter the requested relief.

*Maldonado Bautista* and that to the extent Petitioner would be entitled to any remedy it would be under Section 1226(a).  *See* Ans. at 1.

The Court finds that the specific harm Petitioner suffered—unlawful detention without an individualized bond hearing—is remedied by ordering Respondents to provide Petitioner a bond hearing.  In similar circumstances, courts in this District have limited relief to ordering the petitioner's release if he is not afforded a timely bond hearing.  *See Hernandez v. Semaia*, No. CV 26-1295-JFW (KS), 2026 WL 928628, *3 (C.D. Cal. 2026) ("In light of Respondent's acknowledgment that Petitioner appears to be a member of the *Bautista* class and appears to be subject to the *Bautista* judgment, ... Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order."); *Rathi v. Warden of Desert View Annex Det. Facility*, No. CV 26-1174-WLH (AYP), 2026 WL 795298, *1 (C.D. Cal. 2026) ("Respondents do not contest Petitioner's membership in the Bond Eligible Class in *Bautista v. Santacruz*.  Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing." (citation omitted)); *Devi v. Semaia*, No. CV 26-898-DMG (AS), 2026 WL 712043, *1 (C.D. Cal. 2026) (similar).

Petitioner argues in his Supplemental Authority that Respondents' proposed remedy of asking this Court to order a bond hearing under Section 1226(a) is futile because the Immigration Court previously refused to provide such a hearing.  Dkt. No. 11.  However, the Immigration Court concluded that it lacked jurisdiction to hold a bond hearing based on *Matter of Yajure Hurtado*; the effect of the finding of no jurisdiction was tantamount to no hearing being held.  The Court observes that courts in this district and elsewhere have previously issued orders directing that bond hearings before immigration judges be held pursuant to Section 1226(a), and respondents in turn complied with those orders; accordingly, the Court has no reason

to believe its orders will not continue to be followed and thus declines to order immediate release. Therefore, consistent with the practice in this District, the Court will order Petitioner's release if he is not afforded a timely bond hearing. *See, e.g., Quinonez Herrera v. Mullin*, No. CV 26-1561-CAS (DMK), 2026 WL 915184, *2 (C.D. Cal. 2026) ("[C]onsistent with what courts in this district have generally ordered in similar cases, the Court orders Respondents to provide Petitioner with [an individualized bond] hearing within seven (7) days.").

## IV.    CONCLUSION

In light of Respondents' acknowledgement that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a), IT IS ORDERED that:

(1) the Petition is GRANTED IN PART as to Count Two (Immigration and Nationality Act);

(2) Respondents are enjoined from continuing to detain Petitioner unless he is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order;

(3) Respondents are directed to file a status report within 10 days of this Order substantiating compliance with the Court's Order; and

(4) Within 30 days of entry of final judgment in this action, the Court will consider an application from Petitioner for reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED: July 13, 2026

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

7